Filed 2/9/24  P. v. Rivera CA5

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY GABRIEL RIVERA,<br><br>Defendant and Appellant. | F086153<br><br>(Super. Ct. No. BF160490A)<br><br>**OPINION** |

<u>THE COURT</u>[*]

APPEAL from a judgment of the Superior Court of Kern County.  John W. Lua, Judge.

James Bisnow, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Ian Whitney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Poochigian, Acting P. J., Meehan, J. and DeSantos, J.

Defendant Anthony Gabriel Rivera appeals following resentencing on remand in *Rivera II*.[1] He claims the trial court abused its discretion both under Penal Code section 1385[2] as amended by Senate Bill No. 81 when it declined to strike or dismiss the firearm enhancement attached to count 1 and under section 1170 as amended by Senate Bill No. 567 when it declined to impose the lower determinate term on count 2 based on his age and trauma he experienced.[3] Defendant, who was sentenced more than one year after the effective dates of Senate Bills 81 and 567, does not dispute that he failed to object in the trial court, but argues we should reach the merits of his claims notwithstanding the forfeiture doctrine. As discussed below, we conclude defendant forfeited review of his claims by failing to object in the trial court and we affirm the judgment.

## PROCEDURAL BACKGROUND

Defendant, then 20 years old, was arrested and charged with a fatal shooting that occurred in the victim's garage in March 2015. In 2016, defendant was convicted by jury of second degree murder (§§ 187, subd. (a), 189; count 1) and possession of a firearm by a felon (§ 29800, subd. (a)(1); count 2). The jury also found true the sentence enhancement attached to count 1 for personal and intentional discharge of a firearm

---

[1] For the purpose of summarizing the relevant facts and procedural history, we take judicial notice of our prior nonpublished opinions in *People v. Rivera* (Sept. 26, 2019, F075057) (*Rivera I*) and *People v. Rivera* (Nov. 23, 2022, F082535) (*Rivera II*). (Evid. Code, §§ 452, subd. (d), 459.)

[2] All further statutory references are to the Penal Code unless otherwise specified.

[3] Senate Bill No. 81 (2021–2022 Reg. Sess.) (Senate Bill 81) amended section 1385, and Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567) amended section 1170, effective January 1, 2022. Both statutes were amended subsequently, but those amendments are not relevant to the issues raised in this appeal. (Assem. Bill No. 200 (2021–2022 Reg. Sess.) [amending § 1385, eff. June 30, 2022]; Assem. Bill No. 960 (2021–2022 Reg. Sess.) [amending § 1170, eff. Jan. 1, 2023].) The Legislature also recently made nonsubstantive changes to numerous code sections as part of a code maintenance bill, including sections 1170 and 1385. (Assem. Bill No. 1754, approved by the Governor July 27, 2023 (2023–2024 Reg. Sess.) Stats. 2023, ch. 131, §§ 155, 160, eff. Jan. 1, 2024.)

causing great bodily injury or death. (§ 12022.53, subd. (d).) In 2017, the trial court sentenced defendant to 15 years to life on count 1, plus an additional 25 years to life for the firearm enhancement, and to the upper term of three years on count 2, stayed under section 654.

Defendant appealed and, in *Rivera I*, we affirmed the judgment but remanded the matter for resentencing in light of Senate Bill No. 620 (2017–2018 Reg. Sess.), which, effective January 1, 2018, granted the trial court discretion to strike the firearm enhancement in the interest of justice. On remand, the trial court declined to strike the enhancement and defendant filed a timely notice of appeal.

Appointed counsel found no arguable issues and filed a *Wende* brief. (*People v. Wende* (1979) 25 Cal.3d 436.) Subsequently, we issued an order striking the *Wende* brief on our own motion and directing counsel to address Senate Bill 567 and Assembly Bill No. 518 (2021–2022 Reg. Sess.) (Assembly Bill 518), effective January 1, 2022, and any additional issues deemed meritorious.

Defendant sought remand for resentencing in light of Senate Bill 567's amendment of section 1170, Assembly Bill 518's amendment of section 654, and the California Supreme Court's decision in *Tirado*, which resolved a split among the appellate courts and held that the trial court has the discretion to substitute a lesser enhancement under section 12022.53 under certain circumstances. (*People v. Tirado* (2022) 12 Cal.5th 688 (*Tirado*).) Although the People conceded retroactive application on all three issues, they requested affirmance of defendant's sentence. Without acknowledging that defendant was a youth at the time of the crimes and that the record contains evidence of childhood trauma, including physical and sexual abuse, which are relevant under section 1170, subdivision (b)(6)(B)–(C), added by Senate Bill 567, they contended that remand for resentencing was unnecessary because any error in selecting the upper term on count 2 was harmless. Further, they contended that remand for resentencing under Assembly Bill 518 and *Tirado* would be futile.

3.

We concluded that under *Tirado*, defendant was entitled to remand so that he might request the trial court substitute a lesser enhancement of 10 or 20 years under subdivision (b) or (c) of section 12022.53 in lieu of the 25-year-to-life enhancement imposed under subdivision (d) of section 12022.53. In light of our determination that remand was required on that ground, we found the parties' dispute over the applicability of Senate Bill 567 and Assembly Bill 518 moot because defendant could raise the issues on remand.

On remand, the trial court declined to grant defendant any relief from the firearm enhancement or impose the lower term on count 2 based on defendant's age or trauma. Defendant filed a timely notice of appeal.

Defendant claims that under section 1385, the trial court failed to afford great weight to the mitigating circumstances of mental illness, prior victimization or childhood trauma, and a sentence exceeding 20 years (§ 1385, subd. (c)(2)(C)–(E)), and that it failed to find striking or dismissing the enhancement would endanger public safety (*id.*, subd. (c)(2)). He also claims that under section 1170, the trial court erred in declining to impose the lower term based on the psychological, physical, and childhood trauma he experienced and his youth. (§§ 1170, subd. (b)(6)(A)–(B), 1016.7, subd. (b) ["'youth' … includes any person under 26 years of age on the date the offense was committed"].)

The People argue that defendant's claims are barred by the forfeiture doctrine because defendant failed to object. On the merits, they argue that he fails to demonstrate any error based on an abuse of sentencing discretion.

## DISCUSSION

### I.    Changes to Sentencing Law

#### A.    Section 1385 as Amended By Senate Bill 81

Following amendment by Senate Bill 81, effective January 1, 2022, section 1385, subdivisions (a) through (c)(2), provides, in relevant part:

"(a)   The judge or magistrate may, either on motion of the court or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed.  The reasons for the dismissal shall be stated orally on the record.  The court shall also set forth the reasons in an order entered upon the minutes if requested by either party or in any case in which the proceedings are not being recorded electronically or reported by a court reporter.  A dismissal shall not be made for any cause that would be ground of demurrer to the accusatory pleading.

"(b)  [¶]  (1)  If the court has the authority pursuant to subdivision (a) to strike or dismiss an enhancement, the court may instead strike the additional punishment for that enhancement in the furtherance of justice in compliance with subdivision (a).

"(2)   This subdivision does not authorize the court to strike the additional punishment for any enhancement that cannot be stricken or dismissed pursuant to subdivision (a).

"(c)  [¶]  (1)  Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute.

"(2)   In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present.  Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others.

5.

"(A)   Application of the enhancement would result in a discriminatory racial impact as described in paragraph (4) of subdivision (a) of Section 745.

"(B)   Multiple enhancements are alleged in a single case.  In this instance, all enhancements beyond a single enhancement shall be dismissed.

"(C)   *The application of an enhancement could result in a sentence of over 20 years*.  In this instance, the enhancement shall be dismissed.

"(D)   *The current offense is connected to mental illness*.

"(E)   *The current offense is connected to prior victimization or childhood trauma*.

"(F)   The current offense is not a violent felony as defined in subdivision (c) of Section 667.5.

"(G)   The defendant was a juvenile when they committed the current offense or any prior offenses, including criminal convictions and juvenile adjudications, that trigger the enhancement or enhancements applied in the current case.

"(H)   The enhancement is based on a prior conviction that is over five years old.

"(I)   Though a firearm was used in the current offense, it was inoperable or unloaded."  (Italics added.)

**B.     Section 1170 as Amended By Senate Bill 567**

As amended by Senate Bill 567, effective January 1, 2022, section 1170, subdivision (b), provides:

"(1)   When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion,

order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2).

"(2)   The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial.  Except where evidence supporting an aggravating circumstance is admissible to prove or defend against the charged offense or enhancement at trial, or it is otherwise authorized by law, upon request of a defendant, trial on the circumstances in aggravation alleged in the indictment or information shall be bifurcated from the trial of charges and enhancements.  The jury shall not be informed of the bifurcated allegations until there has been a conviction of a felony offense.

"(3)   Notwithstanding paragraphs (1) and (2), the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury.  This paragraph does not apply to enhancements imposed on prior convictions.

"(4) At least four days prior to the time set for imposition of judgment, either party or the victim, or the family of the victim if the victim is deceased, may submit a statement in aggravation or mitigation to dispute facts in the record or the probation officer's report, or to present additional facts.  The court may consider the record in the case, the probation officer's report, other reports, including reports received pursuant to Section 1203.03, and statements in aggravation or mitigation submitted by the prosecution, the defendant, or the victim, or the family of the victim if

7.

the victim is deceased, and any further evidence introduced at the sentencing hearing.

"(5)    The court shall set forth on the record the facts and reasons for choosing the sentence imposed.  The court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under any provision of law.  A term of imprisonment shall not be specified if imposition of sentence is suspended.

"(6) Notwithstanding paragraph (1), and unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense:

"(A)    *The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence.*

"(B)    *The person is a youth, or was a youth as defined under subdivision (b) of Section 1016.7 at the time of the commission of the offense.*

"(C)    Prior to the instant offense, or at the time of the commission of the offense, the person is or was a victim of intimate partner violence or human trafficking.

"(7)    Paragraph (6) does not preclude the court from imposing the lower term even if there is no evidence of those circumstances listed in paragraph (6) present."  (Italics added.)

II.    **Forfeiture Doctrine**

Defendant was sentenced in April 2023, more than one year after sections 1385 and 1170 were amended by Senate Bills 81 and 567.  "'A party in a criminal case may

not, on appeal, raise "claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices" if the party did not object to the sentence at trial. [Citation.] The rule applies to "cases in which the stated reasons allegedly do not apply to the particular case, and cases in which the court purportedly erred because it double-counted a particular sentencing factor, misweighed the various factors, or failed to state any reasons or give a sufficient number of valid reasons ....."" (*People v. Scott* (2015) 61 Cal.4th 363, 406.) "Strong policy reasons support this rule: 'It is both unfair and inefficient to permit a claim of error on appeal that, if timely brought to the attention of the trial court, could have been easily corrected or avoided. [Citations.]' [Citation.] ""'"The law casts upon the party the duty of looking after his legal rights and of calling the judge's attention to any infringement of them. If any other rule were to obtain, the party would in most cases be careful to be silent as to his objections until it would be too late to obviate them, and the result would be that few judgments would stand the test of an appeal."'"""" (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114; accord, *People v. Salazar* (2016) 63 Cal.4th 214, 239–240; *People v. French* (2008) 43 Cal.4th 36, 46.)

"'[D]iscretion to excuse forfeiture should be exercised rarely and only in cases presenting an important legal issue.'" (*In re Sheena K.* (2007) 40 Cal.4th 875, 887–888, fn. 7.) Absent a change in the law that applies retroactively (e.g., *People v. Stamps* (2020) 9 Cal.5th 685, 698–699), or an extenuating circumstance (e.g., *People v. Perez* (2020) 9 Cal.5th 1, 7–8), neither of which is applicable here, the policy reasons underlying the forfeiture doctrine fully support its application where a defendant remains silent in the trial court when sentenced and then seeks to obtain appellate relief based on asserted sentencing errors under a change in the law that had long been in effect.

Defendant does not dispute the foregoing legal principles, but argues that this court should consider his appellate challenge under section 1385 "[i]n view of the long history of this case and the obvious importance of evaluating the trial court's discretion in

failing to dismiss or reduce the firearm enhancement," and should consider both statutory challenges because the court was aware of the applicable law.

Defendant did not object or otherwise alert the trial court to the errors he now claims entitle him to remand for resentencing. Had he done so, the asserted errors could have been corrected or the record otherwise developed as to the issues. "[A] party cannot argue on appeal that the trial court erred in failing to conduct an analysis it was not asked to conduct" (*People v. Fruits* (2016) 247 Cal.App.4th 188, 208, fn. omitted), and strong policy reasons support application of the rule in the situation presented in this case (*People v. Stowell, supra*, 31 Cal.4th at p. 1114).

Furthermore, although the trial court did not expressly discuss section 1385, "[a]bsent evidence to the contrary, we presume that the trial court knew the law and followed it." (*People v. Ramirez* (2021) 10 Cal.5th 983, 1042.)[4] Thus, "we presume that a judgment or order of the trial court is correct, '"[a]ll intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown."'" (*People v. Giordano* (2007) 42 Cal.4th 644, 666.) In this instance, there is no indication the trial court misunderstood the scope of its sentencing discretion. The record affirmatively reflects that the court understood it could reduce the firearm enhancement to a lesser term or strike it altogether, and the court acknowledged defendant's youth and childhood trauma. By failing to object to the court's discretionary sentencing decisions, defendant has forfeited review of his claims of sentencing error under sections 1385 and 1170.[5]

---

[4]     Defendant does not claim that section 1385 mandates dismissal of the firearm enhancement because it resulted in a sentence that exceeded 20 years, but we note this court recently joined other districts in rejecting such an interpretation of the "shall be dismissed" language in subdivision (c)(2)(B) and (C) of the statute. (*People v. Cota* (2023) 97 Cal.App.5th 318, 335–337.)

[5]     Defendant does not claim that trial counsel was ineffective and the sentencing record in this case is devoid of *any* indication that counsel was deficient. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of

10.

## DISPOSITION

The judgment is affirmed.

---

reasonable professional judgment." (*Strickland v. Washington* (1984) 466 U.S. 668, 690; accord, *People v. Barrett* (2012) 54 Cal.4th 1081, 1105.) "'[T]he standard for judging counsel's representation is a most deferential one.' (*Harrington v. Richter* (2011) 562 U.S. 86, 105 (*Richter*).) We 'must indulge a "strong presumption" that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight.' (*Bell v. Cone* (2002) 535 U.S. 685, 702.) 'Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge.' (*Richter*, at p. 105.)" (*In re Long* (2020) 10 Cal.5th 764, 773.) "'[D]eciding whether to object is inherently tactical, and the failure to object will rarely establish ineffective assistance.'" (*People v. Carrasco* (2014) 59 Cal.4th 924, 985, quoting *People v. Hillhouse* (2002) 27 Cal.4th 469, 502.) Moreover, "[c]ounsel is not ineffective for failing to make frivolous or futile motions" (*People v. Thompson* (2010) 49 Cal.4th 79, 122; accord, *People v. Bell* (2019) 7 Cal.5th 70, 126–127, and counsel may, in the exercise of his or her professional judgment, determine that an objection would not result in a more favorable determination for his or her client (*Strickland, supra*, at p. 690; accord, *Barrett, supra*, at p. 1105).